JaVonne M. Phillips, Esq. SBN 187474
Jennifer C. Wong, Esq. SBN 246725
**McCarthy & Holthus, LLP**
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for
US Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee
for VRMTG Asset Trust, its assignees and/or successors, by and through its servicing agent
Nationstar Mortgage LLC DBA Mr. Cooper

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | ) Case No. 6:26-bk-11519-RB |
| | ) |
| | ) Chapter 13 |
| Mark C Larson, | ) |
| | ) |
| Debtor. | ) |
| | ) **OBJECTION TO CONFIRMATION OF** |
| | ) **CHAPTER 13 PLAN** |
| | ) |
| | ) |
| | ) |
| | ) **Hearing:** |
| | ) Date:   5/21/2026 |
| | ) Time:   2:00PM |
| | ) Ctrm:   303, 3rd Floor |
| | ) Place:  3420 Twelfth Street, |
| | )            Riverside CA |
| | ) |
| | ) |
| | ) Judge: Magdalena Reyes Bordeaux |
| | ) |
| | ) |
| | ) |

File No.  CA-26-191785
Objection to Plan, Case No. 6:26-bk-11519-RB

US Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust, its assignees and/or successors, by and through its servicing agent Nationstar Mortgage LLC DBA Mr. Cooper, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by Mark C Larson ("Debtor").

1.      Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 5/1/2043 and is secured by a Deed of Trust on the subject property commonly known as 10972 Admirals Bay Street, Victorville, CA 92392. As of 3/2/2026, the approximate amount in default was $72,548.66. Proof of Claim detailing the arrearages is forthcoming and will be filed on or before the claims bar date of 5/11/2026; however, Secured Creditor submits the following objections to timely preserve its rights and treatment under the proposed Plan.

2.      The proposed Plan understates the arrears owed to Secured Creditor and does not set forth a reasonable schedule and time period for the payment of the arrearages.  Debtor alleges in the Plan that the arrears owed to Secured Creditor are in the amount of $65,000.00, while in fact the actual arrears owed are in the amount of $72,548.66.  To cure the pre-petition arrearages of $72,548.66 within 60 months, Secured Creditor must receive a minimum payment of $1,209.14 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $100.00 per month for 60 months. Debtor does not have sufficient funds available to cure the arrears. Therefore, the Plan is not feasible. A true and correct copy of Debtor's Schedules I and J are attached hereto as **Exhibit "1".**

2.      Instead, Debtor's Plan relies on the sale of the Property by month 5 in order for the Plan to be feasible. While Secured Creditor does not object to Debtor's intent to sell the Property, Secured creditor does object to any delayed or non-payment of the arrearages. In addition, Secured Creditor further objects if Debtor does not intend to continue making the full post-petition payments due under the Note and underlying security instruments. Courts have long held that a plan should not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan such as the sale of the property. *See* In Re Gavia, 24 BR 573,574 (B.A.P. 9th Cir, Cal. 1982).  Until such time the property is sold, the Plan must provide for maintenance of the current payments on the loan

while the Chapter 13 case is pending. 11 U.S.C. § 1322(b)(5); In Re Glasper, 28 B.R. 6, 7-8 (B.A.P. 9th Cir. 1983).  The current contractual payment due under the Note and underlying security instrument is $1,919.33 per month.

3.    Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed.  As such, the Plan cannot be confirmed.

CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code.  Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor.

WHEREFORE, Secured Creditor prays as follows:

1.    That confirmation of the Proposed Chapter 13 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor within 60 months;

2.    For attorneys' fees and costs herein,

3.    For such other relief as this Court deems proper.

Respectfully submitted,

**McCarthy & Holthus, LLP**

4/13/2026

By:  /s/ Jennifer C. Wong
Jennifer C. Wong, Esq.
Attorney for Secured Creditor

File No.  CA-26-191785
Objection to Plan, Case No. 6:26-bk-11519-RB